UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GIVING HOPE, INC. | CIVIL ACTION |
| VERSUS | NO: 24-2608 |
| NATIONAL FIRE & MARINE INSURANCE CO. | SECTION: "A" (2) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Transfer Venue (Rec. Doc. 11)** filed by the defendant, National Fire & Marine Insurance Co. ("National Fire"). The plaintiff, Giving Hope, Inc. ("Giving Hope"), opposes the motion. The motion, submitted for consideration on March 19, 2025, is before the Court on the briefs without oral argument.

This matter arises out of a property insurance coverage dispute following alleged wind and hail damage to Giving Hope's property located in Kansas City, Kansas. Giving Hope obtained a commercial lines policy with National Fire to insure its Kansas City food pantry.[1] National Fire maintains that it denied Giving Hope's damage claim in part because the covered damage did not exceed the applicable deductible.

National Fire moves the Court to transfer Giving Hope's complaint to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a). National Fire maintains that the property at issue is located in Kansas, the damage claim arose

---

[1] Most of Giving Hope's operations take place in Louisiana but Giving Hope, which is a Louisiana nonprofit headquartered in New Orleans, had expanded to Kansas.

1

in Kansas, and that no loss adjustment activities took place in Louisiana.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Thus, the preliminary question under § 1404(a) is whether a civil action "might have been brought" in the destination venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).

Next, the party seeking to transfer venue must establish "good cause" and clearly demonstrate that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* at 315. when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should grant the transfer. *Id.* It is the movant's burden alone to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice. *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (citing *Defense Distrib. v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)). In order to demonstrate that the transferee venue is *clearly more convenient* the movant must show that the marginal gain in convenience will be significant, and that it is plainly obvious that those marginal gains will actually materialize in the transferee venue. *Id.*

In assessing the showing made the Court considers both private and public interest factors. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Clarke,* 94 F.4th

at 509 (citing *In re Volkswagen of Amer., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* The foregoing factors are not necessarily exhaustive. *Id.* District courts have broad discretion in deciding whether to transfer venue under the statute. *In re Volkswagen*, 545 F.3d at 311 (citing *Balawajder v. Scott,* 160 F.3d 1066, 1067 (5th Cir.1998)).

It is undisputed that the complaint could have been brought in the District Court of Kansas. National Fire contends that all of the private interest factors favor transfer and that the public interest factors are either neutral or favor transfer.

Giving Hope's position is that negotiation, signing, and payment of premiums occurred in Louisiana where the nonprofit is headquartered, and that these are critical events. Furthermore, all of Giving Hope's day to day operations take place in New Orleans. Giving Hope adds that venue is not improper in this district and that the policy does not include a forum selection clause.

The first private interest factor, the ease of access to sources of proof, *may* militate in favor of venue in Kansas as opposed to Louisiana. Although none of the relevant witnesses are located in Louisiana, and this includes the onsite facility manager for the property located in Kansas, only one of National Fire's witnesses is actually located in Kansas (Casey Clay). The claims examiner (Michael Peterson) is located in Illinois, and National Fire's independent adjuster (Jason Sims) is located in Missouri. While the property itself is located in Kansas, the trier of fact (which will be the Court in

this nonjury case) will not be called upon to make a site visit. And given that National Fire's non-Kansas witnesses are prepared to travel to Kansas for a trial, those same witnesses would surely be willing to travel to Louisiana on National Fire's behalf. National Fire does not maintain that those witnesses, some of whom were retained, would be unwilling to appear on its behalf if the Court could not secure their attendance via compulsory process.

In fact, in nonjury cases like this one, witnesses such as those identified by National Fire are often presented via deposition testimony or via remote means without the need to incur travel expenses. Discovery depositions are routinely conducted via video when out-of-state witnesses are involved, as are settlement conferences. Thus, the Court is not persuaded that conducting the trial here would impair access to proof or necessarily cause National Fire to incur additional expense, or that concerns with compulsory process would prevent National Fire from presenting its witnesses.

On the other hand, Giving Hope plausibly asserts that requiring the nonprofit to hire Kansas counsel and to prosecute its insurance claim in Kansas when all of its business operations are located in Louisiana would impose a real burden on the entity. Meanwhile, National Fire has already retained Louisiana counsel in this district. The Court therefore remains unpersuaded that private interest factors two and three, the availability of compulsory process to secure attendance of witnesses and the cost of attendance for willing witnesses, support transfer. The Court's concern is that under the circumstances, transferring this case to Kansas will result in only marginal convenience to National Fire but will result in significant burdens to Giving Hope.

As for the public interest factors, court congestion is not an issue. And the

4

localized interest factor is neutral given that this is a first-party property coverage case that as a practical matter does not necessarily trigger interest in either venue.

As for the law that will govern the case, the Court is persuaded that whether Louisiana law applies or the law of Kansas, this Court sitting as trier of fact can easily apply whichever law governs. A choice of law analysis will be triggered regardless of whether the case remains in this district or moves to Kansas.[2]

The Court recognizes that the most material events that gave rise to this lawsuit did occur in Kansas—the alleged hail storm and the loss adjustment activities. Giving Hope has identified events relating to the issuance of the policy that occurred in Louisiana but those events are not directly at issue in this lawsuit and not as material as the events relied upon by National Fire. Nonetheless, while National Fire has clearly demonstrated that litigating in Kansas would be more convenient for the defendant, the Court remains unpersuaded that National Fire has demonstrated that Kansas would be clearly more convenient than Louisiana for the witnesses, some of which are not located in Kansas. For the reasons explained above, the Court is not persuaded that all of the private interest factors favor transferring venue to Kansas, and the Court is persuaded that all of the public interest factors are neutral. In the exercise of its discretion the Court declines to transfer the case to Kansas.

Accordingly, and for the foregoing reasons;

---

[2] The Court suspects that choice of law is what really concerns National Fire, which likely seeks to avoid application of Louisiana law. The parties engaged in argument regarding choice of law, and while the Court does not decide the issue definitively in conjunction with this venue motion, National Fire does make a persuasive argument as to why the law of Kansas would apply to this insurance dispute.

**IT IS ORDERED** that the **Motion to Transfer Venue (Rec. Doc. 11)** filed by the defendant, National Fire & Marine Insurance Co., is **DENIED**.

March 24, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE